**Michael Alan CROOKER, Petitioner,**

v.

**Jeffrey GRONDOLSKY, Warden, FMC Devens, Respondent.**

**Civil Action No. 13–10776–RBC.[1]**

United States District Court, D. Massachusetts.

Oct. 16, 2013.

---

1. All parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c). *See* # 11.

Anton P. Giedt, United States Attorney's Office, Boston, MA, for Respondent, Jeffrey Grondolsky.

### MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS (# 11)

COLLINGS, United States Magistrate Judge.

On April 3, 2013, Michael A. Crooker ("Crooker" or "Petitioner") filed a writ of

habeas corpus ("the petition") pursuant to 28 U.S.C. § 2241. (# 1) The Petitioner contends that the Bureau of Prisons ("BOP") has improperly calculated his earned good conduct time ("GCT"). The relief sought by the petition is "an order requiring the BOP to 'vest' the 337 days of accrued good conduct time earned from June 23, 2004 to September 13, 2010." (# 1 at 7) On June 10, 2013, Jeffrey Grondolsky ("Respondent"), Warden at the Federal Medical Center ("FMC") Devens, filed a Motion to Dismiss (# 11) the petition together with a Memorandum in Support of Respondent's Motion to Dismiss (# 12). On June 17, 2013, the Petitioner submitted a Traverse Under 28 U.S.C. § 2248 in opposition to the motion to dismiss. (# 13)

While generally averring that the BOP has improperly calculated his earned good time credits, Crooker does not allege that there is any error in the actual computation of the GCT to which he is entitled. Rather, the Petitioner's specific claim is that the BOP has not vested 337 days of his GCT that had accrued between June 23, 2004 and September 13, 2010. According to the petition, the significance of vested GCT is that it cannot be revoked if a prisoner is found guilty of a disciplinary infraction. Once vested, GCT is essentially inviolable. On the other hand, if GCT is not vested, it can be lost consequent to disciplinary infractions.

In his petition, Crooker does not contend that any of these 337 "vested" days have been forfeited or are under threat of being revoked. There is no allegation that the BOP has not included the 337 days in its sentence computation data. The Petitioner does not claim that the "vested" or "unvested" nature of the 337 days has any effect on his release date or any other condition of his confinement. In short, there is no concrete claim of injury at this juncture. Crooker's claim is one of poten-

tial: if not vested, he could lose the 337 days at some point during his confinement if he is found guilty of a disciplinary infraction. In these circumstances, the Petitioner's claim is not ripe for resolution.

 The First Circuit has recently had occasion to describe the jurisdictional doctrine of ripeness at some length, writing that:

'[T]he doctrine of ripeness has roots in both the Article III case or controversy requirement and in prudential considerations.' *Mangual v. Rotger–Sabat,* 317 F.3d 45, 59 (1st Cir.2003). The 'basic rationale' of the ripeness inquiry is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.' *Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

There are two factors to consider in determining ripeness: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' *Id.* at 149, 87 S.Ct. 1507. We generally require both prongs to be satisfied in order for a claim to be considered ripe. *Ernst & Young v. Depositors Econ. Prot. Corp.,* 45 F.3d 530, 535 (1st Cir.1995).

The fitness prong of the ripeness test has both jurisdictional and prudential components. The former, 'grounded in the prohibition against advisory opinions, is one of timing.' *Sindicato Puertorriqueño [de Trabajadores, SEIU Local 1996 v. Fortuno],* 699 F.3d [1] at 8 [ (1st Cir.2012) ] (quoting *Mangual,* 317 F.3d at 59) (internal quotation mark omitted). It concerns whether there is a sufficiently live case or controversy, at the time of the proceedings, to create jurisdiction in the federal courts. *See*

*id.* The prudential component asks 'whether resolution of the dispute should be postponed in the name of "judicial restraint from unnecessary decision of constitutional issues"; if elements of the case are uncertain, delay may see the dissipation of the legal dispute without need for decision.' *Mangual,* 317 F.3d at 59 (citation omitted) (quoting *Reg'l Rail Reorg. Act Cases,* 419 U.S. 102, 138, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974)); *see also Ernst & Young [v. Depositors Economic Protection Corp.],* 45 F.3d [530] at 535 [ (1st Cir.1995) ] ('This [fitness] branch of the test typically involves subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed.').

The hardship prong, by contrast, is 'wholly prudential.' *Mangual,* 317 F.3d at 59. It looks at 'whether the challenged action creates a direct and immediate dilemma for the parties.' *Sindicato Puertorriqueño,* 699 F.3d at 9 (quoting *Verizon New Eng., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 2322,* 651 F.3d 176, 188 (1st Cir.2011)) (internal quotation marks omitted). 'Generally, a "mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship."' *Id.* (quoting *Simmonds v. INS,* 326 F.3d 351, 360 (2d Cir.2003)).

*Roman Catholic Bishop of Springfield v. City of Springfield,* 724 F.3d 78, 89–90 (1st Cir.2013) (footnote omitted).

■ The facts as alleged in the petition satisfy neither of the two factors to be weighed in the ripeness inquiry. With respect to the fitness prong, if Crooker remains infraction-free during his incarceration, no issue with respect to vesting will ever arise. In other words, until such time as there is an actual forfeiture or threatened loss of the subject 337 days, nothing need be decided in order to maintain the status quo. Categorization of the 337 GCT days as either "vested" or "unvested" is basically of no import until a catalyst, i.e., an infraction, causes a change in circumstances.

Turning to the hardship prong, at present, there simply is no "direct and immediate dilemma for the parties" as a result of the 337 days being deemed as unvested. While there is a potential for a future injury resulting from this characterization, to wit, Crooker could lose the 337 GCT days consequent to an infraction if they are not vested, such a possible future injury is not an appropriate basis upon which the Court should render an opinion on the characterization of the Petitioner's GCT now.

■ In sum, resolution of the issue raised in Crooker's petition would be premature at this time. Given the particular circumstances of this case, the claim is not ripe for decision.[2] Therefore, it is ORDERED that the Verified Petition For Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (# 1) be, and the same hereby is, DISMISSED. It is FURTHER ORDERED that Respondent's Motion To Dismiss (# 11) be, and the same hereby is, DENIED AS MOOT. Judgment shall enter for the Respondent.

■

**2.** The "ripeness" doctrine is applicable to actions brought pursuant to 28 U.S.C. § 2241. *Poole v. United States,* 2012 WL 1229842 *2 (W.D.Pa., Apr. 12, 2012). *See also Simmonds v. Immigration and Naturalization Service,* 326 F.3d 351, 358–60 & n. 7 (2d Cir.2003) (dismissing a petition brought pursuant to 28 U.S.C. § 2241 on the basis of prudential ripeness).